[No. 12746–6–II. Division Two. October 17, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES STEARNS, *Appellant.*

*Wesley S. Johnson,* for appellant.

*C.C. Bridgewater, Jr., Prosecuting Attorney,* for respondent.

PER CURIAM.—James Stearns appeals his conviction of unlawful possession of a controlled substance with intent to manufacture and deliver. His only assignment of error is to one of the trial court's jury instructions, which reads as follows:

"Manufacture" means the production, preparation, compounding, processing, directly or indirectly, as well as the packaging or repackaging of any controlled substances . . ..

The jury instruction was based on former RCW 69.50-.101(m), which provides, as follows:

*"Manufacture" means* the production, preparation, propagation, compounding, conversion or processing of a controlled substance, either directly or indirectly by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, *and includes any packaging or repackaging of the substance* or labeling or relabeling of its container, *except that this term does not include the preparation or compounding of a controlled substance by an individual for his own use* or the preparation, compounding, packaging, or labeling of a controlled substance:

(1) by a practitioner as an incident to his administering or dispensing of a controlled substance in the course of his professional practice, or

(2) by a practitioner, or by his authorized agent under his supervision, for the purpose of, or as an incident to, research, teaching, or chemical analysis and not for sale.

(Italics ours.) Stearns' argument is basically that the trial court's instruction to the jury is not complete, in that it did not contain the language of the statute excepting "preparation" or "compounding" of a controlled substance by an

individual for personal use from the definition of manufacturing. He asserts that the wording of the exception denotes legislative intent to exclude packaging and repackaging of a controlled substance for one's own use, from the manufacturing definition. We disagree. The aforementioned language only indicates an intent on the part of the Legislature to except "preparation" or "compounding" for personal use from the term "manufacture." It does not indicate that packaging and repackaging for personal use is excepted and we cannot broaden the exception beyond what the plain language of the statute permits. Stearns presented evidence at trial that he divided packages of methamphetamines into smaller packages for his own use. He did not present evidence that he prepared or compounded the substance for personal use. Consequently, he was not entitled to the instruction he urges on appeal.[1]

Affirmed.

Reconsideration denied December 23, 1990.

---

[1]We have chosen to ignore Stearns' failure to except, at trial, to the trial court's instruction, as well as his failure to request an instruction consistent with the theory he espouses on appeal.