FILED
COURT OF APPEALS
DIVISION II

2015 MAY 12 AM 8: 42

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45907-8-II |
| Respondent. | |
| v. | |
| AARON MICHAEL WILLIAMSON, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — A jury found Aaron Michael Williamson guilty of indecent liberties by forcible compulsion. Williamson appeals, arguing that (1) the trial court's limiting jury instruction for ER 404(b) evidence was in error; (2) his trial counsel was ineffective for not objecting to the improper limiting instruction; (3) the prosecutor committed misconduct; (4) his trial counsel was ineffective by not objecting to the prosecutor's improper conduct; and (5) the trial court erroneously imposed an exceptional sentence based on consideration of good time credit. Because we hold the trial court gave an erroneous instruction for the evidence admitted under ER 404(b), we reverse and remand.

## FACTS

Before trial began, the State moved to admit evidence of Williamson's prior acts of sexual misconduct against his stepdaughter, L.[1], starting in California when she was four years old and continuing after the family moved to Washington when L. was approximately twelve years old. The State argued that this evidence was necessary to show Williamson's lustful disposition

---

[1] We use initials to protect L.'s privacy interests.

towards L. The trial court excluded evidence of the sexual abuse that occurred in California, but admitted the evidence of sexual abuse that occurred in Washington under ER 404(b) for the purpose of showing Williamson's lustful disposition towards L.

At trial, L. testified that Williamson previously would touch her inappropriately at least a couple of times per month. The charged incident took place in the spring of 2011. Williamson came, uninvited, into L.'s bed with her. L. was laying on her side, and Williamson crawled in and lay behind her. According to L., Williamson told her, "I don't want to go in you but I just want to get some physical relief." Verbatim Report of Proceedings (VRP) at 267. When L. told him "[n]o," he pleaded with her, reached his hand around her hip, and pulled her towards him. VRP at 269, 319. Williamson's hand went into her pajama bottoms to her pubic hairline. L. put her hand on his to make him stop. L. used two hands, and tried to roll away, to make Williamson stop. Williamson then either pulled his hand out of her pants or L. pulled his hand out. About two years later, in March of 2013, L. told her mother about the sexual abuse.

Williamson also testified at trial. According to Williamson, when he was confronted about L.'s allegations, he admitted to L.'s mother, his pastor, his pastor's wife, his mother, and his sister that he molested L. Williamson then turned himself in to the Jefferson County Sheriff. For the most part, Williamson's version of the prior sexual abuse was consistent with L.'s version. However, with regard to the charged incident, Williamson denied that L. resisted or turned away to prevent his hand from going past her pubic line.

Williamson stipulated to the following aggravating factors: (1) "[t]he defendant knew or should have known that the victim of the current offense was particularly vulnerable or incapable of resistance"; (2) "[t]he offense was part of an ongoing pattern of sexual abuse of the same victim

2

under the age of 18 years, manifested by multiple incidents of a prolonged period of time"; and (3) "[t]he defendant used his or her position of trust, confidence, or fiduciary responsibility to facilitate the commission of the current offense." Clerk's Papers (CP) at 45. Williamson also stipulated that the following facts supported the aggravating factors: (1) "[s]exual abuse started around age four or five and continued until age 17 when L. moved out of the home"; (2) "[a]nal penetration occurred between the ages of 4 and 5 on at least two separate occasions"; (3) "[f]ondling of breast, buttocks, and pubic areas occurred several times a month, both over and under clothing for a period of 13 years." CP at 45.

The jury convicted Williamson of indecent liberties by forcible compulsion. Williamson's offender score was zero. Based, in part, on the stipulated aggravating circumstances, the trial court sentenced Williamson to an exceptional indeterminate sentence of 17 years to life. Williamson appeals.

## ANALYSIS

Williamson argues that he is entitled to reversal because the trial court gave an erroneous jury instruction. We hold the trial court's jury instruction 15 was in error because it classified evidence of Williamson's prior bad acts as "offenses." CP at 38.

Generally, a party may not raise an issue for the first time on appeal. RAP 2.5(a). However, an appellant may raise an issue for the first time on appeal if the error is a "manifest error affecting a constitutional right." RAP 2.5(a)(3). An alleged error to a jury instruction can be a manifest error affecting a constitutional right and may be raised for the first time on appeal. *State v. Stearns*, 119 Wn.2d 247, 250, 830 P.2d 355 (1992). The error is "manifest" if Williamson can show that the asserted error had "practical and identifiable consequences at trial." *State v.*

*Grimes*, 165 Wn. App. 172, 186-87, 267 P.3d 454 (2011), *review denied*, 175 Wn.2d 1010 (2012). To determine whether the erroneous instruction affects a constitutional right, this court analyzes whether the error implicates a constitutional interest, as opposed to another form of trial error. *State v. O'Hara*, 167 Wn.2d 91, 98-99, 217 P.3d 756 (2009).

At trial, Williamson did not offer any proposed jury instructions. Rather, Williamson agreed without exception to the State's proposed instructions. Specifically, Williamson did not object to jury instruction 15, which he now contests. Jury instruction 15 states:

> Evidence has been admitted in this case regarding the defendant's commission of previous sex offenses. The defendant is not on trial for any act, conduct, or offense not charged in this case.

> Evidence of prior sex offense [sic] on its own is not sufficient to prove the defendant guilty of the crime charged in this case. The State has the burden of proving beyond a reasonable doubt that the defendant committed each of the elements of the crime charged.

CP at 38.

Here, manifest error was present in characterizing Williamson's prior bad acts as evidence of "previous sex *offenses*." CP at 38 (emphasis added). Characterizing the evidence as "previous sex offenses," rather than "previous sex acts," was in error because no evidence was admitted indicating Williamson had any previous sex *offenses*. In fact, Williamson had a prior offender score of zero; he did not have any previous offenses of any kind. Therefore, the instruction was in error because it was not supported by substantial evidence. *See State v. Clausing*, 147 Wn.2d 620, 626, 56 P.3d 550 (2002).

The error was manifest because the difference between an "offense" and an "act" bears both "practical and identifiable consequences at trial." *Grimes*, 165 Wn. App. at 186-87. By calling the past sexual acts "offenses," the jury was misled to believe that the past sexual acts, were

4

No. 45907-8-II

offenses, and therefore, the current act, which was similar to the past sexual acts, was also an "offense." This is a practical and identifiable consequence of the erroneous instruction, and thus, the error is manifest. The error implicates a constitutional concern because it violated Williamson's right to a fair trial. *O'Hara*, 167 Wn.2d at 98-99.

Accordingly, the trial court's jury instruction 15 was in error because it classified evidence of Williamson's prior bad acts as "offenses." We reverse and remand.[2]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Bjorgen, A.C.J.

Sutton, J.

---

[2] Because we reverse and remand based on the trial court's giving an erroneous jury instruction, we do not reach the other issues raised on appeal.