IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| CITY OF SEATTLE, | No. 80022-1-I |
| Appellant, | |
| v. | DIVISION ONE |
| DARYL RUDRA SHARMA, | UNPUBLISHED OPINION |
| Respondent. | |

LEACH, J. — The City of Seattle appeals a superior court decision reversing Daryl Rudra Sharma's Seattle Municipal Court conviction for the crime of Sexual Exploitation. On Sharma's appeal from municipal court, the superior court introduced an issue not raised by either party, whether the municipal court jury instructions violated Sharma's due process rights. Because the superior court incorrectly decided the instructions violated due process, we reverse and remand to the superior court to decide the issues raised before it by the parties.

## FACTS

On July 30, 2017, Seattle Police Detective Ashley Fitzgerald was working undercover as a sex worker. At 6:36 p.m., Fitzgerald walked by a bus stop on Aurora Avenue. Officer Fitzgerald saw Daryl Sharma sitting there and initiated a conversation with him.

Citations and pin cites are based on the Westlaw online version of the cited material.

| Fitzgerald: | Are you looking for a date? |
| Sharma: | Hey, Actually I was wondering if I could call you later because, you know, I don't have my money right now and I have to get my shit. |
| Fitzgerald: | Sure. What are you looking for? |
| Sharma: | You know, anything, maybe like a blowjob or something? |
| Fitzgerald: | Alright, I can do that for $20. |

Fitzgerald then signaled to other officers to arrest Sharma. The conversation continued.

| Sharma: | For $20? What's your name? |
| Fitzgerald: | Candy. |
| Sharma: | Oh so that should taste good then. What's your number? [. . .] |
| Fitzgerald: | OK so call me later and we'll meet back here, blowjob for $20 right? |
| Sharma | Yes. |

Fitzgerald walked away and again signaled to other officers to arrest Sharma. The officers arrested him. The City of Seattle (City) charged Sharma with the crime of Sexual Exploitation under Seattle Municipal Code (SMC) 12A.10.040.

Knapstad Motion

Sharma asked the Seattle Municipal Court to dismiss the charge of Sexual Exploitation, claiming the City had insufficient evidence to prove its case relying on State v. Knapstad.[1] Sharma argued the City did not have evidence of a clear agreement between him and Fitzgerald as required by SMC 12A.10.040(A)(2). Sharma contended that because he told Fitzgerald he did not have any money no contract was formed. He noted, after Fitzgerald said "OK so call me later and we'll meet back here,

---

[1] State v. Knapstad, 107 Wn. 2d 346, 729 P.2d 48 (1986).

blowjob for $20 right?" he paid her no money and did not agree to a time to meet. So, the City had no evidence of an agreement or an agreement to a time to meet later.

The municipal court considered Sharma's statement that he did not have money to pay Fitzgerald and did not confirm a time to meet her later. It also considered that before Fitzgerald left, "she did confirm the agreement and he said yes." The municipal court found this evidence was sufficient to allow a reasonable juror to find the agreement element of the crime of Sexual Exploitation and it denied Sharma's Knapstad motion.

Jury Instructions

The City asked the municipal court to require Sharma to submit proposed jury instructions. The municipal court agreed and instructed both parties to submit proposed jury instructions.

The City's proposed instructions tracked SMC 12A.10.040(A)(2) to define Sexual Exploitation and SMC 12A.02.150(21)(a) to define Sexual Conduct. SMC 12A.10.040(A) provides:

A. A person is guilty of sexual exploitation if:

1. Pursuant to a prior understanding, he or she pays a fee to another person as compensation for such person or a third person having engaged in sexual conduct with him or her; or
2. He or she pays or agrees to pay a fee to another person pursuant to an understanding that in return therefor such person will engage in sexual conduct with him or her; or
3. He or she solicits or requests another person to engage in sexual conduct with him or her in return for a fee.

SMC 12A.02.150(21)(a)(b) defines "sexual conduct" as:

3

a. Sexual intercourse in its ordinary sense which occurs upon any penetration, however slight, or contact between persons involving the sex organs of one and the mouth or anus of another;

b. Masturbation, manual or instrumental, of one (1) person by another.

The City's proposed elements instruction told the jury that to find Sharma guilty of Sexual Exploitation, it must find the city "proved beyond a reasonable doubt: (1) That on or about July 30, 2017, the defendant agreed to pay a fee to another person pursuant to an understanding that in return therefor that person would engage in sexual conduct with the defendant; and (2) That the acts occurred in the City of Seattle."

Sharma did not object to the City's proposed instructions. Sharma asked the municipal court to exclude the terms "patronizing a prostitute" and "sexual exploitation" from trial and the jury instructions. The municipal court denied Sharma's request to exclude those terms.

The municipal court used the City's proposed instructions and incorporated SMC 12A.10.040(A)(2)'s definition of Sexual Exploitation in instructions three and five.

INSTRUCTION NO. 3

A person commits Sexual Exploitation when he or she agrees to pay a fee to another person pursuant to an understanding that in return therefor that person will engage in sexual conduct with him or her.

INSTRUCTION NO. 5

To convict the defendant of the crime of Sexual Exploitation, each of the following elements of the crime must be proved beyond a reasonable doubt:

(1) That on or about July 30, 2017, the defendant agreed to pay a fee to another person pursuant to an understanding that in return therefor that person would engage in sexual conduct with the defendant; and
(2) That the acts occurred in the City Of Seattle.

Sharma did not object.

Motion to Preclude

Before trial, the City asked the municipal court to prevent Sharma from arguing that he did not intend to commit Sexual Exploitation. The City asserted, "Pursuant to SMC 12A.04.100, liability for sexual exploitation does not require proof of any of the mental states described in Section 12A.04.030." The City contended this provision made it improper for Sharma to argue he "did not have intent, knowledge, or any of the mental states defined in Section 12A.04.030 to commit sexual exploitation." The municipal court agreed and precluded Sharma from arguing he did not intend to commit Sexual Exploitation.

Verdict and Sentence

The jury convicted Sharma of the crime of Sexual Exploitation. The municipal court imposed a 90-day jail sentence with 30-days suspended, and it granted Sharma's request to stay the sentence pending the appeal.

Appeal to Superior Court

Sharma appealed to King County Superior Court. Sharma argued SMC 12A.10.040 was unconstitutionally overbroad and vague. He also challenged the sufficiency of the evidence to prove each element of the crime of Sexual Exploitation beyond a reasonable doubt.

The superior court did not reach these issues. In a written decision, it stated, "While the parties in this case argue about the mens rea element of the Sexual Exploitation statute, the central problem with Mr. Sharma's case centers around the actus reus." It also stated,

The statute does not require proof of an intent to commit the completed crime (sex for money). Rather, the City has defined the actus reus for Sexual Exploitation as an agreement that includes, 'an understanding' of what, 'will,' occur in the future. Thus, the actus reus for Sexual Exploitation is a complex concept requiring various mental states. It is very different than the typical strict liability crime that simply requires a physical act, a bodily movement, or a willful doing. How does one volitionally, willfully, purposefully, agree to do something in return for receiving something else in the future without actually intending to carry out the agreement, or at least knowing that this is a real agreement?

The superior court determined without clear instructions,

One could be convicted for expressing sexual interest in a purported prostitute, playing along with a prostitute's desire for a transaction in an effort to appease her, with no intention of ever engaging in sex for money. The facts of the current case could be interpreted in this way.

The trial court failed to provide any instructions to the jury as to how they should consider the conversation between Officer Fitzgerald and Mr. Sharma. The jury was not provided instructions related to the language in SMC 12A.04.010. Thus, they had not basis on which to determine whether Mr. Sharma made the agreement with Officer Fitzgerald with resolve, effort and determination.

This is particularly true under the facts of the current case, where Mr. Sharma's participation in the act was ambiguous. Additional instructions or a defense attorney authorized to discuss mental states was necessary for a fair trial.

The superior court decided that because the jury instructions did not define "agreement," "understanding," "knowledge," and other terms required to complete the actus reus of the crime, the instructions denied Sharma a fair trial under Washington State Constitution Article I, Section 3. Based on this decision, the superior court reversed the jury verdict and remanded for a new trial without addressing Sharma's constitutional and sufficiency arguments.

The City appeals.

6

ANALYSIS

As a preliminary matter, the City argues the superior court improperly reviewed an unpreserved error about jury instructions. Specifically, the City claims that Sharma's failure to request jury instructions defining "volition," "knowledge," "an understanding," and "agreement," and failure to object to the absence of instructions defining those terms in municipal court, the superior court should not have considered the instructions on appeal. But, the authorities cited by the City address Sharma's right to raise an unpreserved issue, and not an appellate court's authority to raise on its own initiative constitutional issues it identifies. The city cites no case that prohibits an appellate court from identifying a denial of due process and providing a remedy for a trial court's denial of that constitutional right. So, we address the merits of the superior court's decision.

The municipal court's jury instructions did not violate Sharma's due process rights. To satisfy due process requirements, jury instructions must properly inform the jury of the elements of the charged crime. "[A]ny error in further defining terms used in the elements is not of constitutional magnitude."[2]

Here, the municipal court's elements instruction described the elements of sexual exploitation in language identical to SMC 12A.10.040(A)(2). Sharma makes no claim that the municipal court's elements instruction incorrectly or incompletely described the elements of the crime charged. It provided what due process requires. So, the superior court decision that the municipal instructions violated due process was wrong. Because this decision provided the sole basis for the superior court's reversal of Sharma's

---

[2] State v. Stearns, 119 Wn.2d 247, 250, 830 P.2d 355 (1992).

conviction, we reverse the superior court and remand to consider the issues of the constitutional and evidentiary issues raised by Sharma in his appeal.

The City also argues the superior court incorrectly determined that the actus reus for Sexual Exploitation requires a mental state. Because we reverse the superior court's decision, we do not reach this issue.

## CONCLUSION

The superior court incorrectly decided that the municipal court's jury instructions violated Sharma's due process rights. So, we reverse the superior court and remand for the superior court to consider Sharma's constitutional and sufficiency claims raised in his appeal.

_____
Leach, J.

WE CONCUR:

_____          _____