IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| THE STATE OF WASHINGTON, | No. 83393-6-I |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| THEOPHILUS WILLIAMSON, | |
| Appellant. | |

BOWMAN, J. — A jury convicted Theophilus Williamson of domestic violence (DV) fourth degree assault. On appeal, Williamson contends the court erroneously instructed the jury that intimate partner status was an element of fourth degree assault and unlawfully imposed the victim penalty assessment (VPA). We affirm.

FACTS

Based on incidents in May and June 2021 involving his spouse, O.W.,[1] the State charged Williamson with second degree assault, count 1, unlawful imprisonment, count 2, and fourth degree assault, count 3. Each charge contained a DV designation.

At trial, O.W. testified about the incidents of DV in May and June 2021. The State also called O.W.'s coworker, several members of the Federal Way

---

[1] We use initials to protect O.W.'s privacy.

This opinion bases the citations and pin cites on the Westlaw online version of the cited material.

Police Department, an emergency room social worker, and a South King Fire and Rescue firefighter to testify. Williamson did not testify or call any witnesses.

Before deliberations, the court instructed the jury. Jury instruction 17 defined "intimate partner" as "spouses or former spouses." And instruction 19 stated:

> You will also be given special verdict forms for the crimes charged in Counts 1, 2, and 3. If you find the defendant not guilty of a crime, do not use the applicable special verdict form for that crime. If you find the defendant guilty of a crime, you will then use the applicable special verdict form for that crime, and fill in the blank with the answer "yes" or "no" according to the decision you reach. In order to answer the special verdict forms "yes," you must unanimously be satisfied beyond a reasonable doubt that "yes" is the correct answer. If you unanimously agree that the answer to the question is "no," you must fill in the blank with the answer "no". If after full and fair consideration of the evidence you are not in agreement as to the answer, then do not fill in the blank for that question.

Special verdict form 3 asked the jury, "Were the defendant, Theophilus Williamson, and [O.W.] intimate partners prior to or at the time the crime of Assault in the Fourth Degree as charged in Count 3 was committed." Williamson did not object to the special verdict form or instructions 17 and 19.

The jury found Williamson guilty of fourth degree assault as charged in count 3 and answered "yes" to the intimate partner question in special verdict form 3. It acquitted him of the remaining charges. As part of Williamson's sentence, the court imposed the mandatory $500 VPA. Williamson appeals.

ANALYSIS

Williamson asserts the court erred in instructing the jury and imposing the VPA.

Instructional Error

Williamson contends the court violated his right to an impartial jury under the Sixth Amendment to the United States Constitution by providing the jury with special verdict form 3 because the court "misled the jury to believe intimate partner status was an element of the fourth-degree assault." The State argues that because Williamson did not object to the form below, he failed to preserve his argument for appeal, so we should not review it. In the alternative, the State asserts the intimate partner finding serves a legitimate legislative purpose, and any error was harmless.

We may refuse to review "any claim of error which was not raised in the trial court" unless the appellant can show a "manifest error affecting a constitutional right." RAP 2.5(a)(3); State v. O'Hara, 167 Wn.2d 91, 97-98, 217 P.3d 756 (2009). We do not assume an alleged error is of constitutional magnitude. O'Hara, 167 Wn.2d at 98. Williamson must identify a constitutional error and show how that error actually affected his rights. State v. Gordon, 172 Wn.2d 671, 676, 260 P.3d 884 (2011).

"To satisfy the constitutional demands of a fair trial, the jury instructions, when read as a whole, must correctly tell the jury of the applicable law, not be misleading, and permit the defendant to present his theory of the case." O'Hara, 167 Wn.2d at 105 (citing State v. Mills, 154 Wn.2d 1, 7, 109 P.3d 415 (2005)). "Failure to properly instruct the jury on an element of a charged crime is an error of constitutional magnitude which may be raised for the first time on appeal." State v. Roggenkamp, 153 Wn.2d 614, 620, 106 P.3d 196 (2005) (citing State v.

Stein, 144 Wn.2d 236, 241, 27 P.3d 184 (2001); RAP 2.5(a)).  But if "the instructions properly inform the jury of the elements of the charged crime, any error in further defining terms used in the elements is not of constitutional magnitude."  State v. Stearns, 119 Wn.2d 247, 250, 830 P.2d 355 (1992).

Here, the court instructed the jury as to the elements of fourth degree assault.  Instruction 16 told the jury that to convict Williamson of that crime, the State had to prove beyond a reasonable doubt that he assaulted O.W. on May 7, 2021 and that the assault occurred in Washington.[2]  See former RCW 9A.36.041(1) (2020).  Instruction 16 did not list Williamson and O.W.'s intimate partner status as an element of the crime.  And instruction 19 informed the jury that it should answer the intimate partner question posed in the "applicable special verdict form" only if it found Williamson guilty of the crime.  We presume juries follow the trial court's instructions.  State v. Kirkman, 159 Wn.2d 918, 928, 155 P.3d 125 (2007).

Because the instructions did not mislead the jury to believe that intimate partner status was an element of fourth degree assault, any alleged error

---

[2] Jury instruction 16 states:

    To convict the defendant of the crime of assault in the fourth degree, as charged in Count 3, each of the following elements of the crime must be proved beyond a reasonable doubt:
        (1)  That on or about May 7, 2021, the defendant assaulted [O.W.]; and
        (2)  That this act occurred in the State of Washington.
    If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty as to Count 3.
    On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty as to Count 3.

regarding the intimate partner special verdict form is not of constitutional magnitude. Stearns, 119 Wn.2d at 250. As a result, Williamson failed to preserve the issue for appeal, and we decline to reach the merits of his challenge.[3]

VPA

Williamson argues the VPA violates the excessive fines clauses of the Eighth Amendment to the United States Constitution and article I, section 14 of the Washington Constitution. We recently rejected this same argument in State v. Tatum, 23 Wn. App. 2d 123, 514 P.3d 763, review denied, 200 Wn.2d 1021, 520 P.3d 977 (2022).

In Tatum, we explained that we are bound by our Supreme Court's decision in State v. Curry, 118 Wn.2d 911, 829 P.2d 166 (1992). 23 Wn. App. 2d at 130-31. Curry held that the VPA "is neither unconstitutional on its face nor as applied to indigent defendants." 118 Wn.2d at 917-18. We again rejected this argument on the same grounds in State v. Ramos, ___ Wn. App. 2d ___, 520 P.3d 65, 79 (2022) ("As this court explained in Tatum, we are bound by [Curry's] holding here.").

Although Williamson asks us to "reexamine [our] most recent opinions" so that we can "conclude that state and federal precedent requires [us] to find the

___

[3] Because Williamson fails to establish the alleged error is of constitutional magnitude, we need not determine whether the error was manifest. O'Hara, 167 Wn.2d at 99 (we address manifest error only after determining an error is of constitutional magnitude). And because we conclude Williamson cannot raise his argument for the first time on appeal, we do not address the State's alternative arguments.

mandatory imposition of the [VPA] . . . unconstitutional,"[4] we decline his invitation. As in <u>Tatum</u> and <u>Ramos</u>, we continue to adhere to <u>Curry</u>'s holding that the VPA is not unconstitutionally excessive as applied to indigent defendants. The court properly imposed the VPA here.

We affirm Williamson's DV fourth degree assault conviction and imposition of the VPA.

Brennan, J

WE CONCUR:

Díaz, J.

Chung, J.

---

[4] When, as here, the defendant receives a gross misdemeanor conviction, RCW 7.68.035(1)(a) requires the sentencing court to impose a $500 VPA. <u>See</u> former RCW 9A.36.041(2).